IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

        Plaintiff,

v.

**JAMES WATKINS TODT**

        Defendant.

_____

Case No. 6:21-cv-01650-MC

**OPINION AND ORDER**

**MCSHANE, District Judge**:

      Defendant James Watkins-Todt suffered physical injuries after a motor vehicle accident caused by an uninsured motorist. Defendant pursued uninsured motorist coverage with American National Property and Casualty Co., insurer of the truck he was driving at the time of the accident. Defendant also pursued coverage with Plaintiff State Farm Mutual Automobile Insurance Company, who insured Defendant's two other vehicles, neither of which were involved in the accident. At issue is whether Defendant's claim is properly excluded under the uninsured motorist provision of his policy with Plaintiff. Both parties move for summary judgment. *See* Pl.'s Mot, ECF No. 12; Def.'s Mot., ECF No 16. Because the exclusion provision is consistent with Oregon's statutory model, Plaintiff's Motion for Summary Judgment (ECF No. 12) is GRANTED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED.

1 – OPINION AND ORDER

## BACKGROUND

The facts here are undisputed.[1] Joint Statement Agreed Facts, ECF No. 11. Defendant and his wife owned and insured three vehicles: a 1999 Ford F250, a 2018 Toyota Rav4, and a 2016 Jeep Cherokee. *Id.* at 2–3. The Ford F250 was insured under a policy with American National Property and Casualty Co. *Id.* at 2. The Toyota Rav4 and the Jeep Cherokee were each insured under policies issued by Plaintiff. *Id.* at 2–3.

While driving the Ford F250, Defendant was involved in a motor vehicle accident caused by an uninsured motorist. *Id.* at 1–2. Defendant pursued uninsured motorist coverage under his policy with American National, who tendered the policy limit. *Id.* at 2. Defendant also pursued uninsured motorist coverage under his policies with Plaintiff. *Id.* at 3. Plaintiff denied coverage. Pl.'s Mot. 2.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When "[t]here are no genuine issues of material fact and the dispute primarily concerns a question of interpreting a statute and applying it to a specific set of facts[,] . . . the issue [is] properly resolved on a motion for summary judgment." *LTV Steel Co. v. Nw. Eng'g & Const., Inc.*, 41 F.3d 332, 334 (7th Cir. 1994); *accord Asuncion v. Dist. Dir. of U. S. Immigr. & Naturalization Serv.*, 427 F.2d 523, 524 (9th Cir. 1970).

Cross-motions for summary judgment are each considered on their own merits. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

---

[1] Although the parties stipulate to the facts, the Court has an obligation to ensure no genuine issues of material fact remain. *Chevron USA, Inc. v. Cayetano*, 224 F.3d 1030, 1037 & n.5 (9th Cir. 2000). The Court agrees that there are no disputed facts.

2 – OPINION AND ORDER

**DISCUSSION**

Plaintiff maintains that there is no coverage under their policy because Defendant's accident falls within a "clear policy exclusion." Pl.'s Mot. 2. Defendant argues that this policy exclusion "is being applied more strictly" than the Oregon statutory model. Def.'s Mot. 2. As there are no undisputed facts, the Court addresses the sole legal issue of whether the exclusion is valid and enforceable under Oregon law.

Oregon State Law mandates a minimum standard for uninsured motorist coverage. Or. Rev. Stat. § 742.504. Uninsured motorist provisions must be "no less favorable in any respect to the insured or the beneficiary" than the statutory model. *Id.*; *Vega v. Farmers Ins. Co. of Oregon*, 918 P.2d 95, 101 (Or. 1996) ("They are the *only* provisions that disfavor insureds that an insurer may include in a policy for UM/UIM coverage."). Policy provisions that are less favorable to the insured are void. *Erickson v. Farmers Ins. Co. of Oregon*, 21 P.3d 90, 94 (Or. 2001). If any wording is ambiguous, it should be construed in favor of the insured. *Shadbolt v. Farmers Ins. Exchange*, 551 P.2d 478, 480 (Or. 1976).

The Court first examines the policy provision at issue to determine the plain meaning. The Court then compares the "*coverage* offered by the policy containing the challenged provision and the *coverage* offered by a hypothetical policy containing the provisions set out in ORS 742.504(1) to (12)." *Vega*, 918 P.2d at 100. So long as the challenged policy is not less favorable to the insured, the provision is valid and enforceable.

**I.      State Farm's Uninsured Motorist Coverage**

Both of Defendant's insurance policies with Plaintiff contained the following exclusion to uninsured motorist coverage:

> THERE IS NO COVERAGE FOR AN **INSURED** WHO SUSTAINS **BODILY INJURY**:
> a. WHILE **OCCUPYING** A MOTOR VEHICLE **OWNED BY** OR FURNISHED FOR THE REGULAR USE OF YOU IF IT IS NOT **YOUR CAR** OR A **NEWLY ACQUIRED CAR**

Joint Statement Agreed Facts 3; *see also* Joint Statement Agreed Facts, Ex. 1 at 23 and Ex. 2 at 23. The policies specify "Your Car means the vehicle shown under 'YOUR CAR' on the Declarations Page." Joint Statement Agreed Facts, Ex. 1 at 10 and Ex. 2 at 10. The Declarations Page of each policy lists "YOUR CAR" as a 2018 Toyota Rav4 and a 2016 Jeep Cherokee, respectively. Joint Statement Agreed Facts, Ex. 1 at 2 and Ex 2 at 2.

The plain meaning of this provision is that there is no uninsured motorist coverage when the insured is operating a vehicle that they own (or that is furnished for their regular use) that is *not* a covered vehicle under the policy. Because Defendant was operating a motor vehicle that was owned by him but was neither a named vehicle in the insurance policies with State Farm nor a newly acquired vehicle, this exclusion applies.[2]

## II. Oregon's Statutory Model for Uninsured Motorist Coverage

Defendant then argues that the exclusion, as applied by Plaintiff, is unenforceable because it conflicts with Oregon's statutory model. Def.'s Mot. 8–11.

The analogous provision in Oregon's statutory model policy states: "This coverage does not apply to bodily injury to an insured while occupying a vehicle, other than an insured vehicle, owned by, or furnished for the regular use of, the named insured or any relative resident in the same household, or through being struck by the vehicle." Or. Rev. Stat. § 742.504(4)(b). The

---

[2] Defendant's brief seems to imply that there is ambiguity in the wording of the policy, such that it should be construed in favor of the insured. *See* Def.'s Mot. 3–5. The Court is unpersuaded. Defendant does not provide an alternate interpretation and the Court cannot imagine how else the policy language and relevant definitions could be understood.

4 – OPINION AND ORDER

statute defines "insured vehicle" as "[t]he vehicle described in the policy or a newly acquired or substitute vehicle . . . or [a] nonowned vehicle operated by the named insured . . . ." Or. Rev. Stat. § 742.504(20(d).

Plaintiff argues that their policy provision is "virtually identical" to this statutory provision. Pl.'s Mot. 4 (*quoting Estes v. State Farm Mut. Auto. Ins. Co.*, 540 F. Supp. 3d 1000, 1008 (D. Or. 2021)). Defendant argues that because the Ford F250 was insured, just not under a policy with Plaintiff, it is "an insured vehicle" as contemplated by the statute, and so the exclusion would not apply. Def.'s Mot. 8. Defendant claims "[i]t is this clause that unambiguously states that this exclusion only applies when a person is injured or killed in an **uninsured vehicle**." *Id.* Defendant's "plain English reading of an unambiguous statute" ignores the entire context of the statutory scheme.

As Defendant acknowledges, "insured vehicle" is defined in the statute as "the vehicle in the policy or a substitute vehicle or a non-owned vehicle operated with permission of the owner." Def.'s Mot. 8 (*citing* Or. Rev. Stat. § 742.504(2)(d)). Defendant does not argue that the Ford F250 is any of these with respect to the policies issued by Plaintiff. Rather, Defendant argues that the Ford F250 is the "insured vehicle" under the American National policy, thereby qualifying it as "an insured vehicle" under any policy. Def.'s Mot. 9.

Defendant's focus on the word "an" is misguided. The Oregon statute is designed "as a complete and comprehensive model policy." *Vega*, 918 P.2d at 100. It is nonsensical to expect an insurance policy to address other vehicles insured under other policies. The use of "an" in the exclusion provision recognizes that multiple vehicles may qualify as an insured vehicle under the policy. In Defendant's own words, an insured vehicle is "the vehicle in the policy or a substitute vehicle or a non-owned vehicle operated with permission of the owner." Finally, "uninsured

5 – OPINION AND ORDER

vehicle" is also a term defined in the statute. *See* Or. Rev. Stat. § 742.504(k). If the legislature meant for the exclusion to apply only to an uninsured vehicle, as Defendant argues, they could have used that term.

Neither the Oregon Supreme Court nor the Oregon Court of Appeals have addressed this exact issue. However, the Oregon Court of Appeals consistently interprets "an insured vehicle" as the vehicle described in the policy. *See, e.g.*, *Farmers Ins. Co. of Oregon v. Paepier*, 822 P.2d 140, 142 (Or. Ct. App. 1991) (finding a car owned and insured by the passenger was not an insured vehicle under the policy at issue); *Wright v. State Farm Mut. Auto. Ins. Co.*, 952 P.2d 73, 79 (Or. Ct. App. 1998), *aff'd in part, rev'd in part*, 22 P.3d 744 (Or. 2001) (emphasizing that "insured vehicle" means "the vehicle described in the policy"); *Roberts v. State Farm Mut. Auto. Ins. Co.*, 488 P.3d 834, 835 (Or. Ct. App. 2021), *review denied*, 496 P.3d 631 (Or. 2021) (reaffirming *Wright*'s interpretation that an insured vehicle cannot simultaneously be uninsured or underinsured).

Oregon courts have addressed the "furnished for regular use" part of this exclusion. *See North Pacific Ins. Co. v. Anderson*, 821 P.2d 444 (Or. Ct. App. 1991) (upholding the exclusion of an employer-provided vehicle that was furnished for regular use but not named in the policy); *Shadbolt*, 55 P.2d 478 (upholding the exclusion of a friend's car that was parked at the plaintiff's house and available for her regular use). Defendant relies on these cases as support for the argument that "an insured vehicle" means *any* insured vehicle. *See* Def.'s Mot. 9–10. The Court finds this reasoning curious. There is no suggestion in *North Pacific* that the vehicle furnished for regular use was not insured by the employer. Similarly, while the regularly used vehicle in *Shadbolt* was not insured under the policy at issue, the court does not address whether it was insured by the actual owner. While Defendant interprets the silence to mean that the vehicles in

6 – OPINION AND ORDER

these cases were uninsured, the Court finds it more likely that it was assumed that the vehicles were insured, just not under the policy at issue. *See also Estes*, 540 F. Supp. 3d at 1008 (finding a policy enforceable that "exclude[s] UIM coverage when the insured occupies a vehicle furnished for his regular use that is not insured under the policy").

Defendant also argues that *Shadbolt*'s reasoning regarding the "primary purpose of the provision" supports his interpretation that the exclusion only applies to uninsured vehicles. *Shadbolt*, 551 P.2d at 481; *see* Def.'s Mot. 10. Defendant frames this argument as the "free riding" problem and argues that there is no "free riding" here because the Ford F250 was insured. *Id.* Defendant's argument walks face-first into the point and still misses it.

Defendant argues that he "paid separate premiums for the UM/UIM coverage in all three vehicles." Def.'s Reply 5, ECF No. 21. However, Defendant paid only American National for uninsured motorist coverage while operating the Ford F250. Defendant did not contract with Plaintiff for uninsured motorist coverage while he was driving the Ford F250. Defendant seeks "the benefit of coverage for two automobiles . . . in return for payment of a premium based upon insurance for the single automobile described in the policy. *Shadbolt*, 55 P.2d at 481.

Because Plaintiff's exclusion provision is at least as favorable to the insured as the statutory model, the provision is valid and enforceable under Oregon law.

//
//
//
//
//

7 – OPINION AND ORDER

## **CONCLUSION**

Plaintiff's Motion for Summary Judgment (ECF No. 12) is GRANTED. Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED.

IT IS SO ORDERED.

DATED this 16th day of August, 2022

                                                                                            /s/ Michael J. McShane        
Michael McShane
United States District Judge